**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES ANDREW STARKEY,

          Plaintiff,

v.                                                       Case No. 6:16-cv-4-Orl-37DAB

UNITED STATES DEPARTMENT OF
TREASURY; and STATE OF FLORIDA,

          Defendants.

**ORDER**

This cause is before the Court on Plaintiff's Amended Notice of Constitutional Challenge (Doc. 16), filed May 23, 2016.

The Court has previously dismissed two iterations of *pro se* Plaintiff's Notice of Constitutional Challenge—which the Court construes as a complaint—for failure to comply with the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10. (*See* Docs. 1, 4, 8, 15.) Although Plaintiff's second amended Notice of Constitutional Challenge (Doc. 16 ("**Notice**")) is compliant with Rule 10, the Court finds that it remains noncompliant with Rule 8 and, therefore, is due to be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking redress from officers or employees of governmental entities. The Court "shall identify cognizable claims or dismiss the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). As Plaintiff is a prisoner seeking redress from governmental officials pursuant to the Federal Tort Claims Act and 42 U.S.C. § 1983, the Notice is subject to § 1915A(a) screening.

Plaintiff asserts against Defendants: (1) a plethora of alleged tort violations by Defendants' governmental officials; and (2) alleged violations of Plaintiff's constitutional rights based on the governmental officials' failure to comply with Plaintiff's "basic human rights, civil rights, due process rights, [and] contract rights concerning [the] Uniform Commercial Code." (Doc. 16.) In support, Plaintiff alleges that the governmental officials "failed and refused to provide Proof of Claim as requested," "failed and refused to return ["instruments"] within" a required time frame, and filed a criminal complaint in state court without authority or a warrant. (*Id.*) Even construing the nearly incomprehensible Notice liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that its factual allegations are fatally insufficient to state a claim for relief. As such, the Notice is due to be dismissed. *See* 28 U.S.C. § 1915A(b).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Amended Notice of Constitutional Challenge (Doc. 16) is **DISMISSED WITHOUT PREJUDICE**. On or before Monday, **June 27, 2016**, Plaintiff is **DIRECTED** to file a third amended complaint that contains sufficient factual allegations to state a claim for relief and is otherwise compliant with the Federal Rules of Civil Procedure and this Court's Local Rules.[1] Failure to do so will result in dismissal of this action with prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 8, 2016.



ROY B. DALTON JR.
United States District Judge

---

[1] As a reminder, Defendant may access the resources available to *pro se* litigants on the Court's website at http://www.flmd.uscourts.gov/forms/forms_policies.htm.

Copies:

Counsel of Record

*Pro se* Party