# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES ANDREW STARKEY,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:16-cv-4-Orl-37DAB**

**UNITED STATES DEPARTMENT OF
TREASURY and STATE OF FLORIDA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on review of the Third Amended Complaint (Doc. 20) and the following motion filed herein:

> **MOTION:**   Motion for Miscellaneous Relief (Doc. No. 21)
>
> **FILED:**   June 30, 2016
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED; and the Third Amended Complaint be DISMISSED**.

It is apparent from review of the Third Amended Complaint and the instant motion that the relief sought by Plaintiff is in the nature of habeas corpus.[1] As Plaintiff has already unsuccessfully

---

[1] The operative complaint alleges that the Defendants "negligently filed a criminal complaint" and "pursuant to Trezevant v. City of Tampa, a standard amount of 1.6 Million Dollars/Money of Account is due and payable to Claimant/James Andrew Starkey per each day of unlawful incarceration." Plaintiff demands defendants: "1) Pay 25% of the total amount claimed above, plus costs, 2) Vacate Case Number: 05-2010-CF-031100, Void Judgment (AB INITIO), and 3) Release the Collateral; one James Andrew Starkey, a Flesh and Blood Sentient Man, Sovereign and Secured Party Creditor and one of the people constituting the State of Florida, in a Sovereign capacity among other people, or face the Liability (Silence Equates Agreement) of whole amount Sum Certain if not paid, Settled and released on the 40th day from receipt of the Tort Claim." In the motion, Plaintiff asserts that he has been "seized" and "Request[s] the Court

sought habeas relief in this Court, Case No. 6:14-cv-1205-CEM-KRS and Case No. 6:15-cv-1797-CEM-KRS, it is **respectfully recommended** that the case be **dismissed without prejudice** to allow Plaintiff the opportunity to seek authorization from the Eleventh Circuit Court of Appeals to file another 28 U.S.C. § 2254 habeas petition.

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution or by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 2244 provides, in relevant part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

---

to enter an Order directing the United States Marshal for the Middle District of Florida to release the vessel and/or property, one James Andrew Starkey, a Flesh and Blood sentient man, Sovereign and Secured Party Creditor from Suwannee Correctional Institution – Annex . . .".

28 U.S.C. § 2244 (emphasis added).   Under this statute, a district court lacks jurisdiction to hear a second or successive § 2254 habeas petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).   No such authorization is shown here.

It is therefore **respectfully recommended** that:

1. The case be DISMISSED without prejudice and the Clerk of Court be directed to close this case, terminate any pending motions, and enter judgment accordingly.

2. The Clerk of the Court also be directed to send Plaintiff an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 15, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy