UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMES ANDREW STARKEY,**

      **Plaintiff,**

v.                                                                              Case No: 6:16-cv-4-Orl-37DCI

**UNITED STATES DEPARTMENT OF
TREASURY and STATE OF FLORIDA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY (Doc. 31)** |
| **FILED:** | **January 19, 2017** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

### I.   BACKGROUND

On January 4, 2016, Plaintiff, proceeding *pro se*, filed a complaint (the Complaint) against the United States Department of Treasury and the State of Florida.  Doc. 1.  The Court dismissed the Complaint with leave to amend for failure to comply with the pleading standards of Rules 8(a) and 10(b).  Doc. 4.

On February 16, 2016, Plaintiff filed an amended complaint (the Amended Complaint). Doc. 8.  On May 9, 2016, the Court dismissed the Amended Complaint with leave to amend for failure to comply with the pleading standards of Rule 8(a).  Doc. 15.  The Court advised Plaintiff

that he was being given "one more chance" to file a complaint complying with the Federal Rules of Civil Procedure. *Id*.

On May 23, 2016, Plaintiff filed a second amended complaint (Second Amended Complaint). Doc. 16. On June 10, 2016, the Court dismissed the Second Amended Complaint with leave to amend for failure to comply with the pleading standards of Rule 8(a). Doc. 17.

On June 30, 2016, Plaintiff filed a third amended complaint (the Third Amended Complaint). Doc. 20. On that same date, Plaintiff also filed a Motion for Release of a Vessel or Property in Accordance with Supplemental Rule (E)(5) (the Motion for Release). Doc. 21.

On July 15, 2016, the Magistrate Judge noted in his report and recommendation (the Report and Recommendation) that "[i]t is apparent from review of the Third Amended Complaint and the [Motion for Release] that the relief sought by Plaintiff is in the nature of habeas corpus." Doc. 23. Since Plaintiff had already unsuccessfully sought habeas relief in this Court, the Magistrate Judge recommended that the case be dismissed without prejudice and that Plaintiff be allowed to seek authorization from the Eleventh Circuit Court of Appeals to file a second 28 U.S.C. § 2254 habeas petition. *Id*.

Also on July 15, 2016, Plaintiff filed a Motion for Default Judgment and a Motion to Transport. Docs. 24; 25. The Court denied Plaintiff's Motion to Transport on July 25, 2016. Doc. 26.

On July 28, 2016, Plaintiff filed an objection to the Report and Recommendation. Doc. 27. On August 2, 2016, the Court entered an order (the Order) adopting the Report and Recommendation and directing the Clerk to close the case. Doc. 28. The Clerk closed the case on August 2, 2016.

On December 21, 2016, 141 days after the Court entered the Order, Plaintiff filed a notice of appeal (the Notice). Doc. 29. Plaintiff did not state in the Notice what issues he intended to raise on appeal. *Id.*

On January 19, 2017, Plaintiff filed an Affidavit of Indigency, which the undersigned construes as a motion to proceed *in forma pauperis* (the IFP Motion). Doc. 31. Plaintiff did not state therein what issues he intended to raise on appeal. *Id.*

## II.  DISCUSSION

"An appeal may not be taken *in forma pauperis* if the trial court certified in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3). Whether an appeal is taken in good faith is a matter within the discretion of the trial court. *See Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). Good faith in this context must be judged by an objective standard. *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (discussing § 1915(e)(2)(B)); *see also Brown v. United States*, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, in civil cases, a notice of appeal must be filed "within 30 days after entry of the judgment or order appealed from."

However, a party may move for an extension of time to file a notice of appeal if the party so moves no later than thirty days after the time prescribed by Rule 4(a) expires. Fed. R. App. P. 4(a)(5). Thus, a party has sixty days after entry of the judgment or order appealed from in which to file a motion for extension of time. Because timely filing of a notice of appeal is "mandatory and jurisdictional," a court is without jurisdiction to hear an appeal that is not timely filed. *Jones v. S. Pan Servs.*, 450 Fed. Appx. 860, 862 (11th Cir. 2012) (citing *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991)).

In this case, Plaintiff waited 141 days after entry of the Order to file his Notice and IFP Motion. Docs. 28; 29; 31. As such, Plaintiff's appeal is untimely and therefore frivolous. In addition, the undersigned notes that Plaintiff failed to advise the Court of the purported issues on appeal. Docs. 29; 31. Even assuming that Plaintiff's appeal was not untimely, the undersigned could not determine if Plaintiff's appeal was taken in good faith without first knowing what issues Plaintiff planned to raise on appeal.

Accordingly, upon due consideration and for the reasons set forth above, it is **RECOMMENDED** that Plaintiff's IFP Motion (Doc. 31) be **DENIED without prejudice**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 23, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy