**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES ANDREW STARKEY,

    Plaintiff,

v.      Case No. 6:16-cv-4-Orl-37DCI

UNITED STATES DEPARTMENT OF TREASURY; and STATE OF FLORIDA,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Affidavit of Indigency (Doc. 31), which the Court construes as a motion for leave to appeal *in forma pauperis*, filed January 19, 2017; and

2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 33), filed January 23, 2017.

Plaintiff—proceeding *pro se*—initiated this action on January 4, 2016. (Doc. 1.) The Court dismissed the first three iterations of Plaintiff's complaint (*see* Docs. 1, 8, 16) for failure to comply with the Federal Rules of Civil Procedure (*see* Docs. 4, 15, 17). Plaintiff then amended his complaint yet again (Doc. 20 ("**Fourth Complaint**")), which was referred to U.S. Magistrate Judge David A. Baker for screening under 28 U.S.C. § 1915A (Doc. 22). On referral, Magistrate Judge Baker found that: (1) the Fourth Complaint sought habeas corpus relief; and (2) such request was inappropriate here because Plaintiff had already unsuccessfully sought habeas relief in this Court. (Doc. 23 ("**First R&R**").)

On August 2, 2016, the Undersigned: (1) adopted the First R&R; (2) dismissed the

Fourth Complaint; (3) closed the case; and (4) directed the Clerk to send Plaintiff an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2254 by a Prisoner in State Custody" in the event that Plaintiff wished to seek further habeas relief. (Doc. 28 ("**Dismissal Order**").)

On December 21, 2016, Plaintiff appealed the Dismissal Order to the U.S. Court of Appeals for the Eleventh Circuit, but failed to identify what issues he intended to raise on appeal. (Doc. 30 ("**Notice**").) Subsequently, Plaintiff moved for leave to appeal *in forma pauperis.* (Doc. 31 ("**IFP Motion**").) On referral, U.S. Magistrate Judge Daniel C. Irick issued a Report, recommending that the Court deny the IFP Motion on the grounds that: (1) Plaintiff's Notice was untimely; and (2) even if the Notice had been timely filed, Plaintiff's failure to identify the issues on appeal prevented the Court from determining whether the appeal was being taken in good faith. (Doc. 33 ("**Second R&R**").) Plaintiff did not file objections to the Second R&R, and the time for doing so has now passed.

In the absence of objections, the Court has reviewed the R&R for clear error. *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In doing so, the Court finds that the findings and recommendations set forth in the Second R&R are supported and warranted by the record.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation

        (Doc. 33) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2.     Plaintiff's Affidavit of Indingency (Doc. 31), which the Court construes as a motion for leave to appeal *in forma pauperis* is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 10, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record